UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PETER JOSHUA LaBRECK,

        Plaintiff,        Case No. 1:16-cv-1160

v.        Honorable Robert J. Jonker

MID-MICH CREDIT BUREAU et al.,

        Defendants.

_____/

**OPINION**

This is a civil action brought by a state prisoner under the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Peter Joshua LaBreck presently is incarcerated at the St. Clair County Jail. He sues Mid-Michigan Credit Bureau and its unknown CEO or owner (Unknown Party).

Plaintiff's allegations are extremely limited. He contends that Mid-Michigan Credit Bureau, which appears to be a debt collection agency, reported untrue information to consumer credit reporting agencies, causing that information to appear on Plaintiff's credit report. Specifically, he asserts that Defendants Mid-Michigan Credit Bureau and its owner or CEO reported an account with University Surgeons as delinquent and in collections. Plaintiff contends that the reported debt does not belong to him and that, as a result of the erroneous report, he was unable to secure any type of credit, which prevents him from pursuing his profession as a real estate investor. Plaintiff broadly claims that Defendants' actions violated the FCRA, though he does not specify the provision under which he brings his claim.

For relief, Plaintiff seeks $6,504,000.00 in damages.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

The FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information.  The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b).  The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005).  It appears from the allegations that Plaintiff considers Defendants to be "furnishers of information" within the meaning of 15 U.S.C. § 1681s-2(a).  While § 1681s-2 does not define "furnisher," courts have defined the term as "any entitty which transmits information concerning a particular debt owed by a particular customer to

consumer reporting agencies." *Carney v. Experion Information Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).

The FCRA imposes two general duties on furnishers of information to a credit reporting agency: (1) a duty to provide accurate information, § 1681s-2(a); and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency, § 1681s-2(b). Plaintiff's allegations appear to invoke only § 1681s-2(a).

There exists no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a). *See Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Nelson v. Chase Manhatten Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *Elsady v. Rapid Global Business Solutions, Inc.*, No. 09–11659, 2010 WL 2740154, at *5 (E.D. Mich. Jul.12, 2010); *Ruggiero*, 411 F. Supp. 2d at 736; *Carney*, 57 F. Supp. 2d at 502. Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s–2(d). Therefore, Plaintiff may not sue Defendants for allegedly furnishing inaccurate information.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

  This is a dismissal as described by 28 U.S.C. § 1915(g).

  A Judgment consistent with this Opinion will be entered.


Dated:  November 28, 2016    /s/ Robert J. Jonker
                ROBERT J. JONKER
                CHIEF UNITED STATES DISTRICT JUDGE